REXFORD BRABSON (CA SBN 299802)
Rex@t-rexlaw.com
DAVID STEWART (CA SBN 353448)
David@t-rexlaw.com
T-REX LAW, P.C.
7040 Avenida Encinas #104-333
Carlsbad, CA 92011
Telephone: (858) 220-2325

Attorneys for Plaintiff ONBRAND.

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ONBRAND, a California Corporation,<br><br>Plaintiff,<br><br>v.<br><br>TUOZE ELECTRONIC TECHNOLOGY GO., LIMITED, and DOES 1-10,<br><br>Defendants. | Case No. **'24CV2325 BAS KSC**<br><br>**COMPLAINT FOR**<br>1. TRADEMARK INFRINGEMENT UNDER SECTION 32 OF THE LANHAM ACT (15 U.S.C. § 1051 ET SEQ.)<br>2. UNFAIR COMPETITION UNDER SECTION 43(a) OF THE LANHAM ACT (15 U.S.C. §1125(a)<br>3. CALIFORNIA UNFAIR COMPETITION AND TRADEMARK INFRINGEMENT (CAL. BUS. & PROF. CODE § 17200 ET SEQ.)<br><br>**ACTION SEEKING STATEWIDE OR NATIONWIDE RELIEF**<br><br>**DEMAND FOR JURY TRIAL** |

## COMPLAINT

1.     Plaintiff, ONBRAND CORPORATION. (hereinafter "Plaintiff"), a California corporation, brings this Complaint against Tuoze Electronic Technology Go., Limited, (hereinafter "Defendant") for trademark infringement and unfair competition under federal and state law. Plaintiff further intends to seek an injunction preventing Defendant from using the name/trademark TUOZE, and any name/trademark that is confusingly similar thereto.

## NATURE OF THE ACTION

2.     This is a civil action for (i) direct trademark infringement of Plaintiff's federally-registered trademark in violation of the Federal Trademark (Lanham) Act, 15 U.S.C. §§ 1051 *et seq.*; (ii) unfair competition in violation of Section 43(a) of the Trademark Act of 1946, as amended (15 U.S.C. § 1125(a)); and (iii) related state and common law claims, arising from Defendant's unauthorized use of Plaintiff's registered trademark in connection with similar goods.

## PARTIES

3.     Plaintiff is a corporation organized and existing under the laws of California.

4.     Upon information and belief, Defendant Tuoze Electronic Technology Go., Limited, is a private company limited by shares organized under the laws of China and licensed to do business within the state of California. Defendant Tuoze Electronic Technology Go., Limited maintains an address of 635-637 Shanghai Street, Room A, 8/F, Kwok Cheung Building, Mong Kok, Hong Kong, 999077, HK.

5.     Upon information and belief, Defendants DOES 1-10 are unknown persons and/or entities related to or affiliated with the other listed persons and entities and are the proximate or actual cause of damage to Plaintiff.

## JURISDICTION AND VENUE

6.     This action arises under federal trademark laws, 15 U.S.C. §§ 1051 *et seq*., and thus, this Court has jurisdiction over the subject matter pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1121. This Court has supplemental jurisdiction over related state law claims pursuant to 28 U.S.C. § 1367(a) because these claims form part of the same case or controversy.

7.     This Court may exercise personal jurisdiction over the Defendants based upon their activities, including their transaction of business, within the Southern District of California. Specifically, Defendant has targeted sales to California residents by operating e-commerce stores that target United States consumers, offer shipping of products to the United States, including California, accept payment in U.S. dollars and/or funds from U.S. bank accounts, and, on information and belief, have sold products using infringing versions of the federally registered TUOZE trademark to residents of California. Defendants sell and offers their goods via Amazon.com which is available to and accessible by residents in this District. Defendants are committing tortious acts in California, is engaging in interstate commerce, and has wrongfully caused Plaintiff substantial injury in the State of California.

8.     Defendant Tuoze Electronic Technology Go., Limited is operating under the seller alias identified in Schedule A attached hereto.

9.     This Court may also exercise personal jurisdiction over the Defendants under Rule 4(k)(2) of the Federal Rules of Civil Procedure. The claims

herein are based on federal laws of trademark infringement. On information and belief, the defendants are not subject to general jurisdiction in any state, as their business is incorporated in China. On information and belief, the defendants have sufficient minimum contacts with the United States as a whole as they are conducting business in this country through their sales on Amazon.com, and therefore jurisdiction is constitutional and lawful under due process.

10. Specifically, on or about November 4, 2024, Plaintiff, acting through its agents or representatives, purchased from Defendant's Amazon storefront a product bearing the infringing mark via Amazon.com. True and accurate pictures of this product, as offered on Amazon.com and as delivered, is attached as **Exhibit A.** This product was ordered and shipped to an address located at 225 W El Norte Parkway #148, Escondido, CA, 92026, which is within the geographic boundaries of this District. The purchase of this product, sold by Defendant and shipped to this District, demonstrates Defendant's intent to target consumers in this jurisdiction and to avail itself of the privilege of conducting business in this District.

11. Venue is proper in this district under 28 U.S.C. § 1391(b)(2), in that Defendant sells, offers, and transacts their business in this judicial district, and at a minimum, operates Defendant's business and allows shipping of their products to California.

## FACTS

11. Plaintiff has been in the business of producing and selling a diverse range of home furniture and decor under Plaintiff's. Specifically, Plaintiff produces and sells a comprehensive range of products under multiple brands, all of which encompass bold, strong, Industrial designs unique to each product. Plaintiff

sells their goods online for distribution to its consumers on both its website https://gwhfactory.com. Plaintiff has sold their goods nationwide for many years.

12.     Plaintiff sells many products under its mark which are targeted towards quality and aesthetically congruent home decor for its consumers. Plaintiff sells numerous furniture products for the home, including nesting tables, table legs, shelves, wine racks, and clothing racks for various different rooms in the home. On Plaintiff's Website at gwhfactory.com, Plaintiff's products using the TUOZE mark are marketed under a dedicated "TUOZE" page, at https://gwhfactory.com/collections/. This webpage is attached as **Exhibit B**.

13.     Among others, Plaintiff sells the following products pictured below under its TUOZE Mark:



$118.99
(Faux-marble/ light Oakwood) Nesting Tables Set of 3, Nesting Tables, Round Coffee Tables Living Room, Small Side Table for Small Spaces
TUOZE
In stock



$118.99
(Faux-marble/ white) Nesting Tables Set of 3, Nesting Tables, Round Coffee Tables Living Room, Small Side Table for Small Spaces
TUOZE
In stock



$119.00
Nesting End Tables with Storage 1 (Set of 2)
TUOZE
In stock

14.     Plaintiff began using the TUOZE trademark in association with the foregoing goods at least as early as July 12, 2015, and that use has been continuous, unbroken, and exclusive from that date to the present. On or around this date, Plaintiff launched its website and began the sale of furniture and home decor.

TUOZE

15.    Plaintiff filed a U.S. trademark application for its trademark on September 15, 2021, which application matured into a U.S. trademark registration on February 14, 2023. That U.S. trademark registration is attached hereto as **Exhibit C**, and was assigned U.S. Reg. No. 6977223. ("Plaintiff's Registration", "Plaintiff's Trademark", or "Plaintiff's Mark).

16.    Plaintiff's Registration is registered and is used for the goods of Shelves; Sofas; Chairs; Display racks; Display tables; Tables; Bathroom mirrors; Clothes hangers; Decorative mirrors; Hat racks; Metal shelving; Office desks; Office tables; Personal compact mirrors; Shoe racks; Wall-mounted tool racks in Class 020.

17.    On information and belief, Defendant has been aware of Plaintiff and Plaintiff's Mark since at least as early as March of 2023, when a member of Plaintiff's staff reached out to Defendant to inform them of Plaintiff's Mark.

18.    Recently, Plaintiff wanted to begin selling its products on Amazon.com, a well-known sales platform, in order to reach a larger customer base. In doing research to understand how to list Plaintiff's products on Amazon.com, Plaintiff became aware of Defendant's use of Plaintiff's mark TUOZE on similar goods to Plaintiff's registered goods, under the Amazon storefront "TUOZEDIRECT." Plaintiff became concerned about its loss of business on Plaintiff's website, as Defendant's products appear when a consumer searches the word "TUOZE" on Amazon.com. On information and belief, at that time, the Amazon sales were handled by the Defendant, who is listed as the Seller of one of the products on the Amazon.com page. A true and accurate copy of this page is attached as **Exhibit D**.

19.     On information and belief, Defendant sells furniture similar to Plaintiff's furniture products on Amazon.com under the storefront name "TUOZEDIRECT" and utilizing the trademark TUOZE. The website's product listings on Amazon.com are attached hereto as **Exhibit E**. The use of the Mark TUOZE on these products, as well as using the term "TUOZEDIRECT" for the Amazon.com storefront is likely to cause consumer confusion with Plaintiff's use of their Mark with their registered goods.

20.     Defendant's use of the term "TUOZEDIRECT" as the name for its storefront is highly misleading and will deceive customers into thinking they are buying "directly" from Plaintiff, the true owner of the TUOZE mark and its related goods.

21.     Defendant continues to use the TUOZE Mark. In many places on Defendant's Amazon storefront, Defendant uses the word "TUOZE," a name that is identical to the name of Plaintiff's Mark:



1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



**Tuoze**
Office Chair High Back Leather Desk Chair Modern Executive Ribbed Chairs Height Adjustable Conference Task Chair with Arms (White)

Office

★★★★☆ 703
$69.99  List: $79.99
FREE delivery **Nov 8 – 13**
Add to cart

**Tuoze**
Tozey 3 Pieces Patio Furniture PE Rattan Outdoor Conversation Set with Table Backyard Porch Garden Poolside Balcony (Brown)
★★★★☆ 1,016
$99.99
FREE delivery **Nov 8 – 13**
Add to cart

**Tuoze**
Outdoor Patio Conversation Bistro Wicker Furniture Sets Rocking Chairs with Glass Coffee Table, Beige
★★★★☆ 46
$79.99
$39.99 delivery **Nov 8 – 13**
Add to cart

**Tuoze**
4 Pieces Patio Furniture Set Outdoor Patio Conversation Sets Modern Porch Furniture Lawn Chairs with Glass Coffee Table for Home Garden Backyard Balcony (Grey)
★★★★☆ 362
$199.99
FREE delivery **Nov 8 – 13**
Only 5 left in stock - order soon.
Add to cart

**Tuoze**
Outdoor Chaise Lounge Chairs Patio Furniture Adjustable Folding Recliner Chair Set of 2 Foldable Tanning Chair Sunbathing for Pool, Beach, Yard, Balcony (Blue)

Patio Garden

★★★★☆ 221
$129.99  ($65.00/Count)
FREE delivery **Nov 8 – 13**
Add to cart



**Earth Flame Basin Fire Bowl Table Top,...**
4.5 ★★★★☆
361
$99.99
Shop now
Sponsored ⓘ

22.    Since Plaintiff's date of first use, Plaintiff has vigorously protected and enforced its TUOZE trademark. Plaintiff has spent time, money, and energy in protecting and enforcing its TUOZE trademark and, in doing so, has built extremely valuable goodwill and notoriety in and to its trademark.

23.    Pursuant to Section 7(b) of the Lanham Act, 15 U.S.C. § 1057(b), Plaintiff's Registration is prima facie evidence of the validity of Plaintiff's Mark.

24.    Pursuant to Section 7(b) of the Lanham Act, 15 U.S.C. § 1057(c), the filing date of Plaintiff's Registration, September 15, 2021, constitutes constructive use of Plaintiff's mark, establishing priority from at least that date.

25.    On information and belief, Defendants have not used the name/trademark TUOZE or TUOZEDIRECT for its goods prior to 2019.

26.    Plaintiff's use of Plaintiff's Mark therefore predates and is prior to any use of the name/trademark TUOZE by Defendant.

27.    Defendant's conduct constitutes trademark infringement under state and federal laws because consumers are likely to be deceived and confused as to the source of Defendant's goods, believing those services originate from Plaintiff when indeed they do not.

28.    Specifically, Defendant's TUOZE name/trademark is substantially similar to Plaintiff's TUOZE Registration.

29.    Moreover, Defendant's goods are similar and related to Plaintiff's goods. Defendant's goods of chairs, tables, and assorted other furniture are similar to Plaintiff's goods in that they both cater to consumers who are interested in furniture and home decor. The goods under the respective marks are likely to travel in similar trade channels.

30.    For reference, the goods covered by Plaintiff's Mark are: Shelves; Sofas; Chairs; Display racks; Display tables; Tables; Bathroom mirrors;

Clothes hangers; Decorative mirrors; Hat racks; Metal shelving; Office desks; Office tables; Personal compact mirrors; Shoe racks; Wall-mounted tool rack.

31.    As a result of Defendant's unlawful infringing activities, Plaintiff has suffered irreparable harm, and, unless this Court enjoins Defendant, will continue to suffer irreparable harm for which there is no adequate remedy at law.

## CAUSES OF ACTION
### COUNT I
### Trademark Infringement under 15 U.S.C. §§ 1051 *et seq.* – TUOZE

32.    Defendant has used and is continuing to use the TUOZE name/trademark and the term TUOZEDIRECT in connection with advertisement, promotion, and/or sale of infringing and similar and related goods without authorization or license to do so.

33.    Defendants' actions constitute willful infringement of Plaintiff's Mark in violation of 15 U.S.C. §§ 1114(1)(a)-(b), 1116(d), and 1117(b)-(c).

34.    Defendants' use of the TUOZE name/trademark and the term TUOZEDIRECT has caused, and is likely to continue to cause, confusion, mistake, and deception among the general public as to the origin of Defendant's services, and is likely to deceive consumers, the public, and the trade into believing that Defendant's goods originate from, are associated with, or are otherwise authorized by Plaintiff, in violation of 15 U.S.C. § 1114(a).

35.    As a result of Defendant's infringing activities, Plaintiff has suffered and/or is likely to suffer actual monetary damages, while Defendant has been and continues to be unjustly enriched.

36.    As a direct and proximate result of Defendant's infringing actions alleged herein, Defendant has caused substantial monetary loss and irreparable injury and damage to Plaintiff, its business, reputation, and valuable rights in and to Plaintiff's Mark and the goodwill associated therewith, in an amount as yet unknown, but to be determined at trial, and for which Plaintiff has no adequate remedy at law, and unless immediately enjoined, Defendant will continue to cause such substantial and irreparable injury, loss, and damage to Plaintiff and its valuable Mark.

37.    Defendant's infringement of Plaintiff's Mark has been and remains intentional and knowing, entitling Plaintiff to treble the actual damages and an award of attorneys' fees under 35 U.S.C. § 1117.

38.    Each and every separate act of federal trademark infringement by Defendant constitutes a separate claim herewith.

## COUNT II

## Unfair Competition under Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)) – TUOZE

39.    Defendant has used and is continuing to use the TUOZE name/trademark and the term TUOZEDIRECT in connection with advertisement, promotion, and/or sale of infringing and similar and related services without authorization or license to do so.

40.    Defendant's unauthorized use of the TUOZE name/trademark and the term TUOZEDIRECT in interstate commerce wrongly and falsely designates, describes, or represents Defendant's goods, and is likely to cause confusion, mistake, and deception as to the affiliation, connection, or association of Defendant's goods with Plaintiff, or as to the sponsorship or approval of this product by Plaintiff.

41.     Defendants' actions therefore violate Plaintiff's rights in its distinctive TUOZE trademark in violation of 15 U.S.C. § 1125(a).

42.     Defendant's conduct with respect to Plaintiff's Mark has caused and, unless enjoined by this Court, will continue to cause serious and irreparable harm, while unjustly enriching Defendant, for which there is no adequate remedy at law.

## COUNT III

### Common Law Unfair Competition/Trademark Infringement (Cal Bus. & Prof. Code § 17200) – TUOZE

43.     Defendant's unauthorized use of the TUOZE name/trademark and the term TUOZEDIRECT constitutes common law unfair competition and trademark infringement because such use is likely to cause confusion, mistake, or deception as to the source, sponsorship, or approval by Plaintiff of Defendant's goods. Consumers are, for example, likely to believe that Defendant's goods originate with Plaintiff, are licensed by Plaintiff, and/or are sponsored by, connected with, or related to Plaintiff.

44.     Defendant's infringing activity constitutes unfair competition and trademark infringement in violation of the common law of the State of California. Defendants' actions with respect to Plaintiff's Mark have caused and will continue to cause serious and irreparable injury to Plaintiff, unless enjoined by this Court, including within this State, for which it has no adequate remedy at law.

## COUNT IV

### Trademark Infringement under California Trademark Law (Cal. Bus. & Prof. Code §§ 14200 *et seq*.) – TUOZE

45.     Plaintiff's Mark is distinctive and famous in California, as well as throughout the United States, and has been since prior to Defendant's

unauthorized use of Plaintiff's TUOZE name/trademark and the term TUOZEDIRECT.

46.    Plaintiff's Mark has powerful consumer associations such that even non-competing uses can impair their value.

47.    Defendant's infringing activities have diluted the distinctive quality of the Plaintiff's Mark in violation of California trademark law under Cal. Bus. & Prof. Code §§ 14200 *et seq.*

48.    Defendants willfully intended to trade on Plaintiff's reputation or cause dilution of Plaintiff's Mark, entitling Plaintiff to damages, extraordinary damages, fees and costs as set forth in Cal. Bus. & Prof. Code § 14250, pursuant to § 14245.

## COUNT V

### Trademark Infringement under 15 U.S.C. §§ 1051 *et seq.* — TUOZE

49.    Defendant has used and is continuing to use the TUOZE name/trademark and the term TUOZEDIRECT in connection with advertisement, promotion, and/or sale of infringing and similar and related services without authorization or license to do so.

50.    Defendant's actions constitute willful infringement of Plaintiff's Mark in violation of 15 U.S.C. §§ 1114(1)(a)-(b), 1116(d), and 1117(b)-(c).

51.    Defendants' use of the TUOZE name/trademark and term TUOZEDIRECT has caused, and is likely to continue to cause, confusion, mistake, and deception among the general public as to the origin of Defendant's goods, and is likely to deceive consumers, the public, and the trade into believing that Defendant's goods originate from, are associated with, or are otherwise authorized by Plaintiff, in violation of 15 U.S.C. § 1114(a).

52.    As a result of Defendant's infringing activities, Plaintiff has suffered and/or is likely to suffer actual monetary damages, while Defendant has been and continues to be unjustly enriched.

53.    As a direct and proximate result of Defendant's infringing actions alleged herein, Defendant has caused substantial monetary loss and irreparable injury and damage to Plaintiff, its business, reputation, and valuable rights in and to Plaintiff's Mark and the goodwill associated therewith, in an amount as yet unknown, but to be determined at trial, and for which Plaintiff has no adequate remedy at law, and unless immediately enjoined, Defendant will continue to cause such substantial and irreparable injury, loss, and damage to Plaintiff and its valuable Marks.

54.    Defendant's infringement of Plaintiff's Mark has been and remains intentional and knowing, entitling Plaintiff to treble the actual damages and an award of attorneys' fees under 35 U.S.C. § 1117.

55.    Each and every separate act of federal trademark infringement by Defendant constitutes a separate claim herewith.

**COUNT VI**

**Unfair Competition under Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)) – TUOZE**

56.    Defendant has used and is continuing to use the TUOZE name/trademark and the term TUOZEDIRECT in connection with advertisement, promotion, and/or sale of infringing and similar and related goods without authorization or license to do so.

57.    Defendant's unauthorized use of the TUOZE name/trademark and "TUOZEDIRECT" term in interstate commerce wrongly and falsely designates, describes, or represents Defendant's goods, and is likely to cause confusion,

mistake, and deception as to the affiliation, connection, or association of Defendant's goods with Plaintiff, or as to the sponsorship or approval of this product by Plaintiff.

58.    Defendant's actions therefore violate Plaintiff's rights in its distinctive TUOZE trademark in violation of 15 U.S.C. § 1125(a).

59.    Defendant's conduct with respect to Plaintiff's Mark has caused and, unless enjoined by this Court, will continue to cause serious and irreparable harm, while unjustly enriching Defendant, for which there is no adequate remedy at law.

## COUNT VII

### Common Law Unfair Competition/Trademark Infringement (Cal Bus. & Prof. Code § 17200) – TUOZE

60.    Defendants' unauthorized use of the TUOZE name/trademark and the term "TUOZEDIRECT" constitutes common law unfair competition and trademark infringement because such use is likely to cause confusion, mistake, or deception as to the source, sponsorship, or approval by Plaintiff of Defendant's goods. Consumers are, for example, likely to believe that Defendant's goods originate with Plaintiff, are licensed by Plaintiff, and/or are sponsored by, connected with, or related to Plaintiff.

61.    Defendant's infringing activity constitutes unfair competition and trademark infringement in violation of the common law of the State of California. Defendant's actions with respect to Plaintiff's Mark have caused and will continue to cause serious and irreparable injury to Plaintiff, unless enjoined by this Court, including within this State, for which it has no adequate remedy at law.

### COUNT VIII

**Trademark Infringement under California Trademark Law (Cal. Bus. & Prof. Code §§ 14200 *et seq.*) – TUOZE**

62.     Plaintiff's Mark is distinctive and famous in California, as well as throughout the United States, and has been since prior to Defendants' unauthorized use of Plaintiff's TUOZE name/trademark and the term "TUOZEDIRECT".

63.     Plaintiff's Mark has powerful consumer associations such that even non-competing uses can impair their value.

64.     Defendant's infringing activities have diluted the distinctive quality of the Plaintiff's Mark in violation of California trademark law under Cal. Bus. & Prof. Code §§ 14200 *et seq.*

65.     Defendants willfully intended to trade on Plaintiff's reputation or cause dilution of Plaintiff's Mark, entitling Plaintiff to damages, extraordinary damages, fees and costs as set forth in Cal. Bus. & Prof. Code § 14250, pursuant to § 14245.

## <u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff asks that this Court grant judgment against Defendants for the following:

A.     Issue a permanent injunction against Defendant preventing the use of the term "TUOZE," and "TUOZEDIRECT"

B.     A judgment that Defendant's use of the names/trademarks TUOZE, and TUOZEDIRECT is likely to confuse consumers and is therefore in violation of 15 U.S.C. §§ 1051 *et seq.*;

C.    A judgment that Defendant's use of the name/trademark TUOZE and TUOZEDIRECT is unfairly competing against Plaintiff and Plaintiff's use of Plaintiff's Mark and is therefore in violation of 15 U.S.C. § 1125(a);

D.    A judgment that Defendant's use of the name/trademark TUOZE and TUOZEDIRECT is unfairly competing against Plaintiff and Plaintiff's use of Plaintiff's Mark and is therefore in violation of Cal Bus. & Prof. Code § 17200;

E.    A judgment that Defendant's use of the name TUOZE and TUOZEDIECT is likely to confuse consumers and is therefore in violation of Cal. Bus. & Prof. Code §§ 14200 et seq.;

F.    Entry of an Order enjoining Defendant from further use of the name/trademark TUOZE and TUOZEDIRECT;

G.    Entry of a judgment against Defendant for monetary damages to be proven at trial, including but not limited to statutory damages including damages for willful infringement and/or all amounts necessary to compensate Plaintiff for Defendant's wrongful use of the name/trademark TUOZE and TUOZEDIRECT;

H.    Plaintiff to recover its attorneys' fees and costs; and

I.    Granting Plaintiff such other and further relief as the Court deems just and proper.

Dated: November 13, 2024                By: /s/ Rexford Brabson
                                        Rexford Brabson, Esq.,
                                        CA SBN 299802
                                        rex@t-rexlaw.com


                                        By: /s/ David Stewart
                                        David Stewart, Esq.,
                                        CA SBN 353448

David@t-rexlaw.com

Attorneys for Plaintiff OnBrand.
T-Rex Law, P.C.
7040 Avenida Encinas #104-333
Carlsbad, CA 92011
Telephone: (858) 220-2325

## JURY DEMAND

Plaintiff demands a trial by jury on all issues triable to a jury.

Dated: December 13, 2024            By: /s/ Rexford Brabson
                                    Rexford Brabson, Esq.,
                                    CA SBN 299802
                                    rex@t-rexlaw.com


                                    By: /s/ David Stewart
                                    David Stewart, Esq.,
                                    CA SBN 353448
                                    David@t-rexlaw.com

                                    Attorneys for Plaintiff OnBrand
                                    T-Rex Law, P.C.
                                    7040 Avenida Encinas #104-333
                                    Carlsbad, CA 92011
                                    Telephone: (858) 220-2325