# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ONBRAND,<br><br>    Plaintiff,<br><br>v.<br><br>TUOZE ELECTRONIC TECHNOLOGY GO., LIMITED,<br><br>    Defendant. | Case No. 24-cv-02325-BAS-KSC<br><br>**ORDER:**<br><br>**(1) DENYING PLAINTIFF'S TRO APPLICATION; AND**<br>**(2) GRANTING PLAINTIFF'S MOTION FOR ALTERNATIVE SERVICE AND REQUEST TO EXTEND TIME**<br><br>**(ECF Nos. 8, 18)** |

    Pending before the Court are two motions filed by Plaintiff OnBrand: (1) an *Ex Parte* Motion for Temporary Restraining Order ("TRO") (ECF No. 8); and (2) a Motion requesting authorization to serve Defendant Tuoze Electronic Technology Go., Limited ("Defendant") by alternative means pursuant to Federal Rule of Civil Procedure ("Rule") 4(f)(3) and for an extension of time to complete service (ECF No. 18). The Court first addresses the TRO Application filed on February 18, 2025. (ECF No. 8.)

    The Court remains unconvinced that extraordinary relief such as an e*x parte* TRO is appropriate. Generally, a TRO is "an extraordinary remedy that may only be awarded upon

1  a clear showing that the plaintiff is entitled to such relief." *See Winter v. Nat. Res. Def.*
2  *Council, Inc.*, 555 U.S. 7, 20 (2008).  For a TRO to be issued without notice, the burden is
3  even higher, and "courts have recognized very few circumstances justifying the issuance
4  of an *ex parte* TRO." *Reno Air Racing Ass'n v. McCord*, 452 F.3d 1126, 1131 (9th Cir.
5  2006).

      Here, Plaintiff has been unable to complete service in the past six months, albeit with reasonable diligence.  Plaintiff alleges Defendant maintains an address in Hong Kong.  (*See* First Amended Complaint ("FAC") ¶ 4.)  Hong Kong is a "special administrative region of the People's Republic of China, which has advised the United States that the Hague Service Convention is in effect in Hong Kong." *Facebook, Inc. v. Banana Ads, LLC*, No. C-11-3619 YGR, 2012 WL 1038752, at *2 (N.D. Cal. Mar. 27, 2012).  Plaintiff previously requested ninety (90) and one hundred and fifty (150) day extensions based on the anticipated timeframe required for effectuating service in China under the Hague Service Convention. (ECF Nos. 13, 14.)  The Court granted the first request and denied the second as moot, directing Plaintiff to show good cause for any further extension.  (ECF No. 15.) Plaintiff moved for an additional seventy (70) days to effectuate service (ECF No. 16), and the Court granted the request in light of Plaintiff's diligence but also cautioned that any future requests would be subject to a more stringent showing of good cause (ECF No. 17).

      Given the lapse of time, the Court is concerned that the facts and circumstances offered to justify an *ex parte* TRO may have changed or grown stale.  Additionally, the Court retains inherent authority "to manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R.*, 370 U.S. 626, 630–31 (1962). Therefore, the Court denies without prejudice Plaintiff's *Ex Parte* TRO Application. *See Reno Air Racing Ass'n*, 452 F.3d at 1131; *see also Link v. Wabash R.R.*, 370 U.S. 626, 630–31.  If Plaintiff completes service, it may renew its request for a TRO.  But if Defendant does not respond to this lawsuit, Plaintiff will need to seek a default judgment.

      With respect to Plaintiff's second Motion, Plaintiff seeks leave to serve Defendant by electronically publishing a link to the "Summons, the Complaint, the Temporary

Restraining Order, and other relevant and necessary court filings on a website and by sending a message to the Amazon.com [a]ccount [of Defendant] . . . that includes a link to said website." (ECF No. 18 at 1:26–2:3.) Pursuant to Local Rule 4.1(a), Plaintiff also moves for an extension of time of thirty (30) days to effectuate service. (*Id.* at 3:26–27.)

Rule 4(f) governs the service of process on an individual in a foreign country. Rule 4(f)(1) explicitly authorizes service under the terms of the Hague Convention. The record shows that Plaintiff has diligently pursued service through the Hague Convention; however, the authorities in Hong Kong were unable to serve Defendant after multiple attempts at its listed office address. (Declaration of David Stewart ("Stewart Decl.") ¶¶ 3–12, ECF No. 18-1, Ex. 1.) Plaintiff therefore moves under Rule 4(f)(3), which provides for service "by other means not prohibited by international agreement, as the court orders." Rule 4(h)(2) applies the above rule to corporations, partnerships, and associations.

The Court concludes that Plaintiff's proposed method of service is not prohibited by international agreement and comports with constitutional due process as it is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950). "Under Rule 4(f)(3), courts in the Ninth Circuit have authorized alternate methods of service, including delivery by online messaging systems, to defendants who are difficult to locate." *Commodity Futures Trading Comm'n v. Debiex*, No. CV-24-00117-PHX-DLR, 2024 WL 2375381, at *1 (D. Ariz. Mar. 11, 2024) (collecting cases); *see also Rubies Costume Co. v. Yiwu Hua Hao Toys Co., Ltd.*, No. 18-cv-1530-RAJ, 2019 WL 6310564, at *3 (W.D. Wash. Nov. 25, 2019) (citing cases authorizing service on defendants located in China via email and/or online messaging systems); *id.* at *4 (authorizing service of process on defendants located in China via email and through their Amazon storefronts); *Padded Spaces LLC v. Weiss*, No. C21-0751JLR, 2022 WL 1423701, at *3 (W.D. Wash. May 5, 2022) (concluding that service via defendant's Amazon storefront messaging system was permissible).

Here, Plaintiff is not able to identify a valid e-mail address for Defendant, but alleges Defendant operates an Amazon storefront under the name "TOUZEDIRECT," through which it conducts business. (*See* FAC ¶¶ 18–45.) Consistent with the applicable case law, the Court concludes that the Hague Convention and Rule 4(f)(3) do not prohibit service of process on Defendant via its Amazon storefront messaging system. Moreover, service through this method is reasonably calculated to apprise Defendant of this action, and thus satisfies due process, because Defendant conducts business through Amazon. *See Padded Spaces LLC*, 2022 WL 1423701 at *3 (finding service via Amazon.com's storefront messaging system satisfied due process because defendant conducted its business through Amazon and therefore likely used the communication methods associated with the storefront.)

Additionally, Plaintiff has met the more stringent showing of good cause required by the Court in its prior Order (ECF No. 17) to extend the deadline for service. Plaintiff has diligently attempted service through the Hague Convention, and the delay of service is not attributable to a lack of reasonable effort on its part. (*See* Stewart Decl. ¶¶ 3–12.) While Rule 4(m) generally provides the applicable time limit within which service must be effected, it "does not apply to service in a foreign country[.]" S*ee also Lucas v. Natoli*, 936 F.2d 432, 432 (9th Cir. 1991). Accordingly, the Court grants Plaintiff's request for an extension of time of thirty (30) days to effectuate service on Defendant.

In sum, the Court **DENIES** Plaintiff's *Ex Parte* TRO Application (ECF No. 8) and **GRANTS** Plaintiff's Motion for Alternative Service and for an Extension of Time (ECF No. 18). Given the Court's denial of Plaintiff's *Ex Parte* TRO Application, Plaintiff shall have leave to complete service of the Summons (ECF No. 3) and the FAC (ECF No. 4) and to file proof of service on the docket no later than **October 6, 2025**. As previously discussed, if Plaintiff completes service, it may renew its request for a TRO; however, the Court will not entertain such a request *ex parte* absent the requisite showing under Rule 65(b)(1) and Local Rule 83.3(g)(2). Moreover, if Defendant does not respond to this

lawsuit, Plaintiff will need to seek entry of default and thereafter pursue a default judgment under Rule 55.

**IT IS SO ORDERED.**

**DATED: September 5, 2025**

Hon. Cynthia Bashant, Chief Judge
United States District Court